at all. Arguments not to exceed 15 minutes preside. Mr. Iyad, Northeast Appellant, United States. Good morning judges. You are here today asked to adjudicate. Everything basically is in the brief. I just want to add a few more pointers. Are you reserving any time or not? Whether it is, in a nutshell, unconstitutional to have United States citizens be deprived of the ability to fly on commercial flights around the country or around the world. And simply by a governmental agency, this government, telling us that we are going to put you on this list where you cannot know why you are on this list. And we are going to prevent you from flying and there is nothing that you can do about it. And your honors, I want you to step back and think how outrageous this is. Outrageous in this day and time and what history has all showed us throughout hundreds of years in civil rights and what have you as to United States citizens cannot fly and he is not told why he cannot fly. Now you can imagine the detriment effect that this has on so many individuals. Tens and tens of thousands of individuals. For instance, we know a lot of these individuals are Muslim Americans. If you are a Muslim American, you have literally when a family member says that is overseas, passes away, you literally have to bury them within 72 hours. What this government is telling you is don't bury your family member, don't want to take a boat which could take three or four weeks for you to get to overseas and what have you. Your honors, we are a nation of immigrants. It is outrageous that the government, first of all, doesn't even admit to this so-called no fly list. It wasn't until 2003 before Senate Judiciary hearings that they even admitted to this so-called no fly list. When you bring a federal court in federal actions, they don't even admit that there is this so-called list. What kind of nation have we become? We are operating in the secret. It is not fair. We understand the numerous challenges. We understand the importance of national security. We are not taking away from that. We are not saying that there shouldn't be a list, but if you are going to be a list, if you are going to put my name on it, then the due process, we have something called the United States Constitution. We have the right to challenge it. We have the right to say why am I a list? Maybe you have false information government. I think you should have a due process, right? I thought the issue here, though, was which court can you go to? Can you go to the district court or do you have to go straight to the court of appeals? The district court dismissed it not on the merits, but on the lack of subject matter jurisdiction. Am I right? Correct, your honor. 12B1, yes. Tell us why the district court erred in saying that it did not have jurisdiction and you should have come to the court of appeals. Judge, it's really a misnomer. The Sixth Circuit, if you were to bring an action in the Sixth Circuit, all the Sixth Circuit is deciding on whether this letter that the TSA has submitted, whether they were correct in reviewing their documents. That's it. It does nothing to challenge our actions here. The fact that you were ever put on that list by the screening center. What the TSA would basically say if you bring suit in the Sixth Circuit, they'll say, oh, yes, we've checked our records. Let's see what this letter says. Yes, the TSC indeed did put you on their list. End of story. You could challenge the adequacy of that process, which would, you know, I mean, admittedly, the TSA has statutory jurisdiction over only a small piece of the problem that you describe, but you could certainly challenge through a petition to the court of appeals the adequacy of that process. And whether that would result in your getting the relief you seek would be a matter to be determined in that way. Your Honor, I don't believe we can argue that because what the government's position would be then is that the TSC basically put them on that list and the TSA took them. And wouldn't that, in back door, obtain a review of, I mean, something would start happening probably between the TSC and the TSA. Your Honor. I mean, so there is some relief. I mean, we might, a court of appeals might not be able to revise the no-fly list in that way and take people on or off, but it could certainly direct the actions of the TSA. Your Honor, in all essence, if they direct the process of the TSA, what you're telling the TSA to do is to violate their federal regulations with the TSC putting them into that system. You cannot deal with the TSA without dealing with the TSC. I mean, if you say it's impossible, then I guess you are right. But I would think that one would want to see what an appellate court might have to say about it given the statutory process that's set up. Your Honor, the Ninth Circuit has spoken about this particular situation. That's not this circuit. That is correct, Your Honor, but it's given us great latitude in essence. I mean, the government does not even want to say that flight, the right to fly is a fundamental right. I mean, the only case in this history that we've heard was in the Ninth Circuit indicating, yes, that flight indeed is a fundamental right. So my problem is, Judge, they're going to fend off that particular ability to do that by blaming it on a different governmental agency, the TSC. And in essence, that's indeed what they will do. The ability of this TRIPS system that they have, we have not seen one, not one case, and we've handled many of them, Your Honor, where they've ever sought relief and were removed from the TRIPS system without actually bringing federal action in federal court. You want us to adopt the Ninth Circuit's Ibrahim case? Is that what you're advocating? Well, what we want is the Ninth Circuit, the Ibrahim case and the Lateef case, basically, where it indicated that the section 46110 does not strip the federal courts of the constitutional claims. We haven't listed the TSA on the thing. Even if you were to list the TSA, it would be futile because they're not the ones that are taking this action. They're going to point the fingers to the TSC. In essence, that makes a lot of sense when you consider that the TSC are the individuals that investigate, that make the decisions to put them on the list, to remove them from the list. It is only the TSC that can remove you from that list. And that's what the Ninth Circuit has held. To do it in any other fashion would basically allow the government, and not to even talk about the huge hurdles that one has to do in order to seek remedy from an average citizen, to step in the Sixth Circuit or the Court of Appeals to address these particular matters. So what we're calling on, Your Honors, today is basically to adopt the findings, the holdings in the Ninth Circuit. And I think that's the only just and proper way to force the government to follow the Fifth Amendment due process rights and protect individuals' constitutional rights across this country. Thank you. Thank you, Counsel. Good morning, Your Honors. May it please the Court. My name is Joshua Waldman. I'm here from the United States Department of Justice. Judge Gilman, I'd just like to start with your point that we are here on a question of subject matter jurisdiction. The merits of this case are not before the Court. They were not addressed by the District Court. The ruling was only one of subject matter jurisdiction, and that's all that's present in this case. Why shouldn't we follow the Ninth Circuit's decisions? Well, I only have 15 minutes, but I'll try to explain why I think it was wrong. First, what's important to understand is this Court has a precedent, Shearson, which was issued last year, which says when you try to challenge a watch-listing decision for which there are administrative remedies available in the DHS TRIP process, that you must exhaust those administrative remedies. When you do that, when you go through the TRIP process, the outcome of the TRIP process was one that Congress intended to be channeled, judicial review to be channeled exclusively to the Court of Appeals. And we know that because Congress said in multiple overlapping statutes that TSA is the one to establish the redress process. TSA is the one that corrects erroneous information in the system. TSA is the one that maintains records on correcting erroneous information. And in the words of Congress, TSA is to implement, coordinate, and execute the redress process. So when you go through that whole process, if you're someone who's tried to board a plane and had a problem, this Court said in Shearson, you have to exhaust your remedies. And once you do, the culmination of that process is one that is a TSA order that Congress said in multiple statutes is governed by TSA. And TSA orders are under section 46.110. Right, but TSA does not put you on or off the no-fly list. That's what the TSC does, right, which is an FBI agency. Well, the initial decision is one that's by TSC. But when you go through the redress process, then you're in a process that's run by TSA, that Congress assigned to TSA. And none of the statutes in which that redress process is assigned to TSA were discussed by the Ibrahim decision. They were just overlooked. And that's one of the many problems with that statute. So you go through a process that's governed by TSA. The problem with the statute or the problem with the Ibrahim decision? That's the problem with the Ibrahim decision is it didn't look at any of the numerous statutes that say there's a redress process. You have to go, and that's a redress process that's governed by TSA. And I think it's important to understand, and this goes to Judge Gibbons' point, that if you had a case that was properly filed in a petition for review, which is not this case, and if you were getting to the merits, which, again, is not this case, what you would have before you is a record, and any order that you issued on that record, even though it's a case against TSA, there is a relationship between TSA and TSC. They're both part of the federal government. And whatever order was issued by a court in that case would be followed by the entire federal government. It's not as if TSC is going to be looking to flout the court's order and say, well, this is a case against TSA, so I don't have to follow it. All parts of the government would follow whatever order a court would issue in a properly filed petition for review. And the other thing I think that's important to understand is that when you go through the redress process, as you must, if you file a petition for review, a properly filed one, and you're in a court of appeals, there's a record before the court that the court examines. And if it were, the order that you would be reviewing would subsume and include the watch listing decision itself. So if you had a case where you were properly filed, again, not this case, and you were reaching the merits, again, not this case, and for some reason, whatever it is in this hypothetical case, you found that record to not justify the decision that was made out of the TSA redress process, you would issue an order that would look something like, well, I'm setting aside the agency decision, and I'm sending it back to the agency to say you have to come up with a better record to justify this case, if you found it wanting in this hypothetical case. And if you didn't, we would set aside the order. And that would be the order that comes out of the redress process. And the net effect of doing that would be that the person could fly unless the agency came up with a better record to justify it. Again, this is all a hypothetical case, but I'm just trying to let you understand how the process works and why it makes sense. One of the things that's vital. But if AAD has in his favor, he can cite Ninth Circuit decisions. Right. Do you have any case you can cite us in favor of your view? This is a question of first impression, but I would say this. Basically, you have no authority on your side. You'd like us to set up the circuit conflict, though. Well, I would say a couple things about this. Number one, you've already in some sense disagreed with the Ibrahim decision, because Ibrahim is about an initial watchlisting decision, and they said you could just go to the district court without any question about exhausting your administrative remedies, going through the redress process, which sets up a whole different process from the initial decision. And I think that's important to understand, that the TSA is in charge of the redress process in a different way than in the initial decision making. And, in fact, when you go through the whole process, if you take all the administrative appeals that you're entitled to, at the end of the line is the TSA administrator who reviews the record and makes the ultimate decision about what the outcome of the redress process is going to be. And that's a totally different process than the one that was at issue with Ibrahim. I'm sorry, I don't mean to interrupt you, but I just went back and looked at the complaint in this case. Yes. And here, the TSA is not a defendant in this case. The relief sought is only against the TSC. So, except to the extent the complaint strays into complaining of actions that the TSA took, it really doesn't seek to invoke the process that is referred to in the statute that gives jurisdiction to the Court of Appeals. Right. So, I mean, how do we take that into account?  And she seems to have interpreted this almost as a direct action against the TSA filed in the wrong place. Right. I think that there's a couple answers. Number one is you would still need, under Shearson, to go through the administrative process, which, in fact, he has done. Once you go through the administrative process... The administrative process against an order of the TSA. Against TSA, yes, that's correct. And the whole point of that is... And at that point, if he's dissatisfied with that process, he'd come to the Court of Appeals. That's correct, under 46.110, because, again, that's a process that Congress assigned to TSA. But this lawsuit, strictly speaking, I mean, arguably doesn't even call that procedure into play because it doesn't purport to be reviewing the actions of the TSA. Right. I think that one of the important things when you do the jurisdictional analysis is the controlling question is not how the complaint is styled. It's what the essence of the action is. For example, and we... Well, I mean, but it's hard to create defendants who aren't there. Well, you can... Well, first of all, I think that's right, which is why what you need to do is say, this is not a proper suit. The proper suit is to file a petition for review against TSA. So you're basically saying that really a plaintiff cannot maintain an action directly against the TSC. Is that what you're... I think that's right. First of all, I think that there are real Article III concerns about that because what TSC does is put a name in a database. It doesn't actually do anything to you. It's TSA that does something to you, which is to deny you boarding. But TSA doesn't keep anybody off planes. They put names in databases. TSC. TSC. TSA is the one who does something to you. And as we laid out in our brief, I think there are real Article III problems that were, again, unaddressed by the Ibrahim decision about whether you can challenge a name in a database by itself. Didn't the Ninth Circuit in the follow-up to Ibrahim say that there is standing? Yes, but not based on a name in a database. They based it on the actions of TSA, which is the denial of boarding and problems that he had with visas. But it was not about TSC itself causing the injury. So the standing problem was not there. And then the other problem is that if you attempted to say, I'm just challenging the watch list by itself and I'm going into district court, the answer under Shearson would be, well, first you have to exhaust your TSA redress proceedings. And then once you do, whatever your status was before essentially has been overtaken by events, which is you've gone through a redress process in which the whole watch listing decision has been reviewed again and you get a new answer. Now that's the relevant answer, but it's one that comes out of a TSA. You can't get to where you want us to be unless we apply this inescapable intertwinement doctrine. I don't think that... Because otherwise, in the absence of that, it's perfectly possible to view this as a situation where two different tracks of relief exist, one involving the placement on the no-fly list and the other involving the refusal to let an individual board. One, the first one, against the TSC, the second one against TSA with a statutorily prescribed method of seeking redress. You can't get to saying the relief against the TSC is relief against the TSA unless we adopt your construction of inescapable intertwinement. Is that right? Well, no, I don't think that's right, but I don't... Okay, throw escapable intertwinement out. Forget it has anything to do with this case. And tell me why relief against the TSA is obtainable by proceeding against the TSC and why that process against that complaint against the TSC should be in a court of appeals. Well, let me explain. Number one is I'm not trying to throw inescapably intertwined away. I think it certainly helps our case. Well, throw it away for purposes... But let me just answer your question separate and apart from that. First, I think that you would not have an action against... Even if you tried to say my challenge is only against the watch-listing status viewed in isolation, and even if you overcame the Article III hurdles to that kind of challenge, you would still need to exhaust your administrative remedies under the TSA... You don't brief that at all. No, Shearson... Actually, Shearson is in... But I'm looking at your brief, and I'm trying to see where I would find the exhaustion section. Well, we didn't say an exhaustion section by itself. Well, if that's such a big part of this argument, wouldn't one expect to find it? Well, it is in there. It's in the section of the brief that talks about why a record does exist and how it comes into formation. And one of the reasons why a record exists for the court to review is because you have to exhaust your remedies under Shearson. And, of course, we didn't have to dispute whether he exhausted administrative remedies in this case because he did, and that's acknowledged by the district court and in the complaint. But once you go through that process, then you are in a process that's governed by TSA, that Congress said TSA implements, coordinates, and executes that process. TSA corrects information. TSA maintains the records of the corrected information. And, in fact, when you go through that and you ask for your administrative appeals in that process, at the end of that process, the final decision-maker is the administrator of the TSA who looks at all the record evidence, including the record evidence, the underlying intelligence that might support a watchlisting decision. He's got a summary of that evidence before him. He makes an independent decision about what the end of that redress process is. This is all a process that goes through TSA. And because you have to go through that, and the culmination of the process is a TSA order, Congress intended to channel that review to the court of appeals. But you can't, by seeking to challenge the findings of the TSA, you can't obtain review of action of another agency unless there's some doctrine that brings the other one in, which is where the inescapable intertwinement comes in. Well, I certainly think that you could rule on that basis. Are you telling us, for example, that the action of the TSA in placing an individual on the no-fly list is going to be presented to us for review by an action in this court against the TSA? In essence, yes. In essence. I only have 30 seconds, but I hope you'll indulge me and let me explain it, because maybe there's a misperception. When a properly filed petition for review under 46.110 is before a court of appeals, following the redress process, a record is filed in the court of appeals. This is not hypothetical. This has happened in actual cases. There's each case that's now pending before the D.C. Circuit in which that was done. That's just one example. Does the record address how the individual happened to be on the no-fly list? Absolutely, Your Honor. Yes. The record includes material considered by both TSC and TSA that includes material that is used to justify the watch-listing status. In a properly filed petition for review under 46.110, that would be before the court. I understood, and did I misunderstand this? I don't mean to prolong it. I understood that the letter that didn't reveal anything was often labeled by the TSA final agency determination. That's a misperception. That is an order, but the record that would be before the court of appeals would not just be that letter, Your Honor. It would include all the materials that the TSA and TSA used to justify the decision, including... Would the person bringing the proceeding have had access to all of that? There wouldn't be a normal administrative process, would there? No, but what happens in these cases, and this has actually happened in court of appeals cases, this is a record that because of the sensitivity of the underlying materials, sometimes which there are classified materials in them, they're submitted ex parte and in camera for the examination of the court of appeals. There's not a record that's created below by any adversarial process. Well, not by the adversarial process, but by the administrative process. There's a letter and then there's a response to the letter. Isn't that about it? As in terms of the record? No, in terms of what happens from the perspective of the person on the no-fly list. Well, you submit an application and you could submit any supporting materials that you think bolster your case, and that is part of the record. But there's, of course, in a particular case, there may be classified... The person's not given access to the information the government agency has. That's right. All of that is something that might go to the merits of the question, which, again, is not before us. The question of subject matter jurisdiction, and you want to know what the record would be before you... Well, that's been very helpful. Okay. I mean, I think that's an important point to make, which is that what you would be reviewing in a properly filed case, again, that hasn't happened here. And if you were reaching the merits, and, again, that's not before the court, but in that type of case, you would be reviewing a record that would include the materials used to justify the decision about whether someone was on the no-fly list or not. And any relief that the court ordered would be followed by both TSA and TSC and, in effect, would reach all the ancillary decisions, including the watch-listing decision itself. And I think that's important to understand and why that ultimately is channeled to the Court of Appeals under Section 46.110, because this is all about a TSA order that is reviewed by the court. And if there are any further questions, I'd be happy to answer them, Your Honor. I think there are not. Thank you. Thank you. If I'm understanding it correctly, the Board of Counsel, Government Counsel, is saying that in order for you to bring TSA in, you have to, once you go through the process of exhausting your remedies, that's the only way that you can then bring TSA in. And when you deal with TSA, you would be able to deal with TSA thereafter. And they call this letter, by the way, an order. And I'm really shocked at the fact that they call it. It's a letter. The letter basically, by way of definition of a precedent decision, there has to be some kind of finality. That's what an order says. That's what an order implies. This letter basically doesn't have no finality. It could be versed or could be corrected. It doesn't even admit or deny that you're even on a list or whether there is even this so-called list. The fact that Government Counsel says that the Court of Appeals can actually look at this, again, without the ability of opposing or the grieved party being able to have any ability to challenge it, it's very difficult. I can't think of any law out there in this nation that deprives a person of their rights without actually giving them the ability to challenge it. In essence, what the government is saying is that it is as if you throw people in jail and then you have the ability to tell them what they're being charged with. Or you take their property. You don't tell them why you're taking their property. This, indeed, is what the government wants you to adopt. I'm not sure that seemed a little strong. I think the question is, can you bring your challenge in the District Court or do you have to bring your challenge in the Court of Appeals? That's ultimately what it is. Again, we know that the Ninth Circuit has spoken as to that, Your Honor, but the fact is that... Tell me this. Why would you have standing, Article III standing? Let's say if we agreed with you, like the Ninth Circuit, and said, okay, you can sue the TSC in the District Court. So we would remand for that. You can't sue the TSA in the District Court because the statute very clearly says you have to go here. So now you're going to sue the TSC in the District Court. Where is your concrete harm? Because he says, hey, the TSC is just a database. It doesn't do anything to you directly. It's being denied the boarding is what your client's problem is. Your Honor, they are the governmental agency. They are the state actors. They are the one that's basically taking certain action against you that's going to deprive you of your constitutional rights without due process. What I mean by that, it's as if anyone that issues an order, they're telling you, go address it with the soldier. Don't talk about the person that enters the order, that does the investigation, that does the legwork, that does everything. Just deal with the individuals that conduct the unconstitutional action against you, which I think is very unfair in taking a very narrow-minded look at this. It's really these are the individuals. It's not the TSA that looked at the information, investigated, researched, put the information together, and put it on that list. The TSA are just like the DHS or any other governmental agency. They're just taking orders, and that's exactly what they're going to say. If you do go to the Court of Appeals, the only exhaustion, the remedies that you have, is they're going to look at this letter, Your Honor. And he hasn't pointed to one case where they actually showed that they changed it, that they actually had the TSA make the changes or what have you, because, in essence, when you're appealing straight to the Sixth Circuit, I mean, you're appealing to the Court of Appeals and you're exhausting your remedies, what they're saying is that, what we believe that they're saying is that, you're only challenging that letter, the information that's on that letter. That's not our argument, Your Honor. Our argument is that you affected me, you deprived me of my rights by putting me on that list. What they want you to address is, after the fact that you're put on that list, they want you to address whether that information, basically, that they received is good enough. We're saying the information that you received before you were put on that list is unconstitutional. It doesn't allow you to have an adequate ability to redress. And lastly, I'll say this, Your Honor. The whole system is really flawed. In essence, and you look at the selective system and the no-fly list, the best tool the government or law enforcement has is the ability of surprise. And an individual that goes out and if he knows that he's on this list, he's just going to step up their game and be able to be more seclusive than ever. And lastly, as to the government's against position that you could challenge it, what about if my mom was to pass away overseas? What they're saying is that I can go through the exhaustive remedies, which we haven't seen one case where they actually came back and corrected that. And that could be three weeks or a month by that time, or a month, or maybe even years some of them are on these lists, before I can actually go and see which the Muslim parent is going to be buried within 72 hours. So it's basically depriving you of that right before you can actually seek redress. It's already given. Thank you. Thank you, counsel. The case will be submitted.